UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DR. CHRISTOPHER FROST												PLAINTIFF

v.														CIVIL ACTION NO. 3:19-CV-227-CRS

UNIVERSITY OF LOUISVILLE, ET AL.										DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Defendants' Motion to Stay Preliminary Injunction Pending Appeal. DN 31. Plaintiff has responded (DN 33) and Defendants replied (DN 34). For the reasons that follow, the Court will **DENY** Defendants' motion to stay the preliminary injunction.

I.   BACKGROUND

On April 30, 2019, Plaintiff moved for a preliminary injunction and permanent injunction. DN 21. Defendants filed a response in opposition to the motion (DN 22), and Plaintiff filed a reply in support of his motion (DN 24). The parties also jointly filed a stipulation of facts. DN 19. On May 29, 2019, the Court entered a memorandum opinion and order granting, in part, and denying, in part, Plaintiff's motion for preliminary injunction and restoring Plaintiff to his probationary, tenure-track appointment as an Assistant Professor of Biology at the University of Louisville. DN 26; DN 27. Defendants have since appealed this Court's issuance of the preliminary injunction and now move to stay the preliminary injunction pending appeal.

II.   LEGAL STANDARD

Defendants move for a stay pursuant to Rule 62(d) of the Federal Rules of Civil Procedure and Rule 8(a)(1) of the Federal Rules of Appellate Procedure. In determining whether a stay should be granted under Civil Rule 62(d) or Appellate Rule 8(a), a court must consider the same

four factors that are traditionally considered in determining whether to grant a preliminary injunction. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These factors are the following: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. *Mich. Coal of Radioactive Material Users. Inc.*, 945 F.2d at 153. The moving party has the burden of showing a combination of these factors to persuade the court to grant their motion.

### III.   DISCUSSION

In its May 29, 2019 Memorandum Opinion, this Court carefully considered the four factors set out above and determined that Plaintiff had met his burden of showing that he was entitled to the requested preliminary injunctive relief. DN 26. Defendants now ask this Court to again consider these four factors with the only difference being that the burden of proof is now on Defendants. Defendants, however, present nothing new in their motion that was not already presented to this Court in their response in opposition to Plaintiff's motion. Instead, Defendants rehash and repackage its original arguments which requires the Court to reconsider its May 29, 2019 Memorandum Opinion and Order granting Plaintiff's motion for injunctive relief.

The Court previously found that Plaintiff is likely to succeed on the merits of his due process claim. In doing so, the Court found that Plaintiff has a protectable property interest in his tenure-track appointment with the University of Louisville and Plaintiff was deprived of due process when he was terminated without the opportunity for cross-examination and without meaningful notice. Defendants now argue that they are likely to succeed on the merits of their appeal for the same reasons given in their response in opposition to Plaintiff's motion: 1) Plaintiff

did not have a protectable property interest in his appointment with the University; and 2) Plaintiff was not deprived of any due process that was due to him under the Fourteenth Amendment. Defendants similarly repeat their arguments for the remaining factors the Court previously considered: Defendants will be irreparably harmed by the injunction and Plaintiff will not suffer irreparable harm. For the same reasons in its May 29, 2019 Memorandum Opinion, the Court remains unpersuaded by Defendants' arguments.

### IV. ORDER

For the reasons set forth hereinabove and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendants' Motion to Stay Preliminary Injunction Pending Appeal (DN 31) is **DENIED**.

**IT IS SO ORDERED.**

July 29, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**